In the Matter of MANAGEMENT TECHNOLOGY CORP., Debtor.

MANAGEMENT TECHNOLOGY CORP., Plaintiff,

v.

Frank B. PARDO, Kathie A. Ventura, George J. Bubrick, James R. Barrett and Myron J. Howitt, II, Defendants.

Bankruptcy No. 84–0089.

United States Bankruptcy Court, D. New Jersey.

Dec. 5, 1985.

Ravin, Sarasohn, Cook, Baumgarten & Fisch by Paul Kizel, for debtor/plaintiff.

Simon & Allen by Andrew Muscato, for defendants Frank B. Pardo and Kathie A. Ventura.

## OPINION AND ORDER

D. JOSEPH DeVITO, Bankruptcy Judge.

Management Technology Corp. (MTC), the plaintiff/debtor herein, seeks to enjoin the named defendants from pursuing an action, to which they are parties, in the state courts of New Jersey. MTC asserts that continuation of the action would be in violation of the automatic stay provision of § 362[a][3] of the Bankruptcy Code; moreover, the suit in question should be enjoined by the authority vested in the bankruptcy court by § 105[a] of the Code. The defendants herein argue that the statutes relied upon by MTC do not provide a basis for this Court to enjoin the state court action.

The instant controversy is rooted. in an action filed on March 2, 1983 in the Superior Court of New Jersey, Chancery Division. The complaint lists George Bubrick as plaintiff and Frank Pardo, Kathie Ventura, Myron Howitt, James Barrett and MTC as co-defendants. Shortly thereafter, the complaint was amended to change the status of Howitt and Barnett to that of plaintiffs-in-intervention. Both the plaintiff and the defendants named in the state court action were shareholders and/or officers of MTC at the time of the filing of that action. The original filing was followed by the further filing of complaints-in-intervention and counterclaims. A series of court battles ensued, centered on control of MTC and its operations. Examining the substance of the numerous filings, it appears that the parties have hurled numerous allegations back and forth, accusing each other of mismanagement, conversion of assets, violation of fiduciary duty, tortious interference of economic advantage, etc., etc. Noteworthy here is the type of relief requested in the original complaint. In its numerous counts, the papers pray for relief in the form of an injunction to prevent the defendants from paying debts, selling, assigning or transferring assets, and making managerial decisions.

On November 18, 1983, MTC filed a voluntary petition in bankruptcy under Chapter 11 of Title 11 and continues to operate as a debtor-in-possession. MTC commenced an adversary proceeding in this Court on February 6, 1984, naming Pardo and Ventura, among others, as defendants and repeating therein many of the allegations made in the state court filings.

The threshold issue for this Court is the propriety of the plaintiff's motion for summary judgment. The parties have not, expressly or impliedly, disputed the facts as

recited herein. Thus, without a genuine issue as to any material fact, this Court is empowered to render a judgment as a matter of law. Federal Rule of Civil Procedure 56[c], incorporated by reference in Bankruptcy Rule 7056. Finding the issue ripe for summary judgment, the Court turns to the substantive issues.

 The Bankruptcy Code is both concise and explicit in delineating the powers of the court.

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title.

11 U.S.C. § 105[a]. It has been generally recognized that this includes the power to issue injunctive relief. 2 *Bkr-L Ed,* Summary § 11:66 (July, 1982). The bankruptcy courts have relied upon § 105[a] as a source of authority to resolve disputes which do not seem to be answered by other provisions of the Code. *Id.* at § 11:64. Indeed, § 105[a] has been properly utilized to issue injunctions and other writs necessary to protect the estate from interference, and to ensure its orderly administration. *Diners Club, Inc. v. Bumb,* 421 F.2d 396, 398 (9th Cir.1970) [decided under § 105[a]'s predecessor under the former Bankruptcy Act, § 2[a][15]]. Furthermore, § 105[a] is a major departure from prior law in that it does not require possession or custody of a *res.* This would affect parties who pose a threat to the bankruptcy proceedings, even absent a tangible *res. See* 2 *Collier on Bankruptcy* ¶ 105.02 (15th ed. 1979). Considering the foregoing history of § 105[a], this Court is satisfied that it possesses the power to enjoin the defendants, as requested herein, such an injunction being just and proper *if* necessary to protect the estate and assure its orderly reorganization. The Court is convinced such is the case here.

 As already discussed, the state court action involves questions impacting on the estate of the debtor. Notwithstanding the actual decision, the state court judgment will have a direct bearing on assets of the estate, the management

thereof, and other matters going to the heart of MTC's operations. Moreover, the suit in question is remarkably similar to the adversary proceeding initiated by MTC in this Court. Given the above circumstances, the Court finds it necessary and proper to exercise its powers under § 105[a] to issue injunctive relief in order to protect the estate of the debtor and ensure its proper administration.

Therefore, it is ORDERED, ADJUDGED and DECREED:

The plaintiff's motion for summary judgment is granted, and the plaintiff and the defendants named in the complaint are hereby enjoined from proceeding in the action captioned *Bubrick, et al. v. Pardo, et al.,* Docket No. C–870–83E, in the Superior Court of New Jersey, Chancery Division, Bergen County.